1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | KATHY ELLIOTT, on behalf of herself and all others similarly situated,     CASE NO. 09CV2649 DMS (BLM)

12                                  Plaintiff,     **ORDER GRANTING DEFENDANT'S MOTION TO**

13       vs.                                  **DISMISS**

14   CREDIT CONTROL SERVICES, INC.,     [Doc. 17.]

15                                    Defendant.

16

17        Pending before the Court is Defendant Credit Control Services, Inc.'s motion to dismiss

18 Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

19 The Court finds the matter suitable for submission without oral argument pursuant to Local Rule

20 7.1(d)(1).    For the reasons set forth below, the motion is granted.

21                               **I.**

22                      **BACKGROUND**

23        Plaintiff brings this proposed class action lawsuit for Defendant's alleged violations of the Fair

24 Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (FAC ¶ 1.) The basis for the

25 complaint is a debt collection letter Plaintiff received from Defendant on August 13, 2009, informing

26 Plaintiff she owed $61.27 for a previous debt. (*Id.* at ¶ 7.) The letter contains a bold heading stating

27 "Warning Notice-Warning Notice" in white letters against a solid black background (*Id.* at Ex. A.)

28 Underneath the heading is a text box stating:

1
2
3

> This notice and all further steps undertaken by this agency will be in compliance with applicable State and Federal Law(s). In accordance with Federal Law, the following warning notice is required: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent from a debt collector.

4
5

> The above referenced balance is due for a laboratory test(s) ordered by your physician. These charges were not included in any bills you received directly from your physician and/or hospital, but were billed to you separately by our client.

6
7

> If a claim has already been filed with your insurance company, it may have been denied or only partially paid.

8
9

> Please remit payment in the envelope provided or visit our secure website @ www.warningnotice.com. If you require personal assistance, please feel free to contact this office directly during the hours referenced above.

10

> Thank you for your anticipated cooperation.

(*Id.*)

11   Underneath the text box is a heading stating "Federal Law." Below that is a validation notice,

12   required under federal law, which states:

13
14
15
16
17

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication has been sent by a debt collector.

18   (*Id.*)

19   Underneath the validation notice is a heading stating "California Law," which gives

20   information regarding the Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt

21   Collection Practices Act. Following that section is further information regarding payment remittance.

22   (*Id.*)

23   Plaintiff alleges that the notice violates 15 U.S.C. § 1692g because the required disclosure

24   informing debtors how to dispute the debt is overshadowed by the "Warning Notice" heading and text

25   box. (*Id.* at ¶ 20.) Plaintiff further contends that the letter is deceptive and misleading in violation of

26   15 U.S.C. § 1692e (preface) and (10), because debtors are tricked into believing the debt has priority

27   over other debts. (*Id.* at ¶ 21.)

28   Plaintiff filed suit on November 24, 2009, and filed the FAC on February 16, 2010, after

seeking leave of court.  (Docs. 1 & 14.)  Defendant filed the instant motion on March 2, 2010.  (Doc. 17.)  Plaintiff filed an opposition and Defendant filed a reply.  (Docs. 19 & 22.)

## II.

### DISCUSSION

#### A. Motion to Dismiss

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 1951.  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

#### B.   15 U.S.C. § 1692g

Under the FDCPA, the initial communication between a debt collector and a consumer must contain a validation notice providing, among other things, the amount of the debt, the name of the creditor, and a statement that if the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.  15 U.S.C. § 1692g; *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997).  Plaintiff concedes that Defendant's collection letter contains the required notice.  Plaintiff contends instead that the validation notice is overshadowed by the heading stating "Warning Notice-Warning Notice," and the subsequent text box.  Defendant argues that the claim fails as a matter of law.

An initial communication violates the FCDPA if "it is 'likely to deceive or mislead a

hypothetical 'least sophisticated debtor,'" which is a standard lower than that of a reasonable debtor. *Terran*, 109 F.3d at 1431 (citations omitted).  The notice "must be large enough to be easily read and sufficiently prominent to be noticed . . . [and it] must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Id.* at 1432. FDCPA violations have been found where "language regarding *payment* of the alleged debt [] contradicted or overshadowed the validation notice." *Terran*, 109 F.3d at 1433 (emphasis in original). Further, a communication will violate the FDCPA where there is a demand for payment within less than the 30-day time frame provided for disputing the debt.  *Id.* at 1433.  Whether or not "language in a collection letter overshadows or contradicts the validation notice so as to confuse a least sophisticated debtor is a question of law." *Id.*

Plaintiff contends that the phrase "Warning Notice - Warning Notice" suggests present danger and that a debtor must act immediately.  (Pl. Opp'n 5.)  Plaintiff contends the letter gives confusing information regarding insurance reimbursement, and that it encourages consumers to telephone for help, rather than dispute the debt in writing, which nullifies a consumer's rights under § 1692g.  (*Id.* at 5-6.)  Plaintiff further contends that the website, to which consumers are directed to remit payment, reinforces the confusion because it does not inform consumers that Defendant is attempting to collect a debt and does not provide means by which a consumer may dispute the debt.  (*Id.* at 7.)

Plaintiff's contentions are unavailing. The letter informs consumers where to remit payment, and then goes on to explain that consumers have 30 days in which to dispute the debt.  The remittance information does not impose a time limit for when the consumer must pay the debt, and there is no indication that payment is due immediately. The text of the remittance information is the same size as the validation notice. The fact that the remittance information is inside a text box does not cause it to overshadow the validation notice.  Similarly, the website is provided as a convenient way to remit payment; it does not on its own overshadow the § 1692g notice.  (*Id.* at Ex. 1.)

Plaintiff acknowledges the collection letter does not contain words such as "Immediate" or "Now," but argues the meaning is implied.  (*Id.* at 7.)  Plaintiffs contend that the plain meaning of the phrase "please remit payment" is a "direction to the consumer to make a present or 'immediate' payment in contradiction of the § 1692g notice."  (*Id.*)  Plaintiffs do not provide any authority in

support of their argument. Rather, cases in which courts have found FDCPA violations present markedly different situations from the one presented here. For example, the Ninth Circuit found that a validation notice was overshadowed where the notice stated in bold text, several times larger than the validation notice, that "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. A GOOD CREDIT RATING - IS YOUR MOST VALUABLE ASSET." *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988). The court found that the notice was "misleading in both form and content" because the debt validation notice was "dwarfed by a bold faced, underlined message three times the size" and that the "substance of the language stands in threatening contradiction to the text of the debt validation notice." *Id.* at 1225-1226; *see also Terran*, 109 F.3d at 1433 (noting courts have found FDCPA violations where "payment was demanded within a time period less than the statutory thirty days granted to dispute the debt and this demand was communicated in a format that emphasized the duty to make payment, and obscured the fact that the debtor had thirty days to dispute the debt."). There are no such misleading statements or demands for immediate payment here.

Further, the fact that the letter informs consumers they may call for assistance does not violate § 1692g. *See Terran*, 109 F.3d at 1433 ("[T]he request that the alleged debtor immediately telephone a collection assistant does not overshadow the language in the notice that the alleged debtor has thirty days in which to dispute the debt. The validation notice immediately follows the language regarding an immediate telephone call. The text of the letter is uniformly presented in ordinary, same-size font."). Indeed, the notice here simply informs debtors they may "feel free" to contact the office for assistance; there is no indication that they must do so immediately.

Accordingly, the Court finds as a matter of law that the § 1692g notice is not overshadowed by any other portion of the collection letter.

**C.      15 U.S.C. § 1692e**

15 U.S.C. § 1692e states, in pertinent part,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

As with § 1692g, violations of § 1692e are evaluated under the least sophisticated debtor standard. *Donohue v. Quick Collect, Inc.*, 592 F. 3d 1027, 1030 (9th Cir. 2010). A misleading statement must be material in order to be actionable under § 1692e. *Id.* at 1033. "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer." *Id.* The reason for the materiality standard is that "[i]n assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034.

Plaintiff contends that "Warning Notice-Warning Notice" heading is materially misleading. The heading is followed by text stating: "In accordance with Federal Law, the following warning notice is required: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent from a debt collector." The in-text warning notice is required by 15 U.S.C. § 1692e(11). Plaintiff contends that the heading "Warning Notice-Warning Notice" conflates present danger to the consumer with the § 1692e(11) notice, and that it "creates an urge to act immediately to remit payment or telephone Defendant for help in contravention of a debtor's right to dispute the debt in writing within 30 days of receiving the § 1692g Notice." (Pl. Opp'n. 9.) Plaintiff's contention is unavailing. As discussed above, the phrase "Warning Notice-Warning Notice" does not inform debtors in any way that the payment is due immediately. There is nothing misleading about the heading.

Plaintiff further contends that the statement "This notice and all further steps undertaken by this agency will be in compliance with applicable State and Federal Law(s)" is misleading because "it is impossible for [Defendant] to know or state truthfully what its future acts will be as they haven't happened yet." (*Id.* at 9.) Plaintiff contends that this could lead an unsophisticated debtor to forego obtaining independent legal counsel because the debtor may conclude that Defendants are acting in compliance with state and federal law. This argument is unpersuasive. Further, even if the statement was somehow misleading, it would be merely a technical falsehood.

Accordingly, the Court finds that the collection letter does not contain any materially misleading statements in violation of 15 U.S.C. § 1692e. Defendant's motion to dismiss is granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted.  Because Plaintiff's claims fail as a matter of law, the matter is dismissed without leave to amend.

**IT IS SO ORDERED.**

DATED:  April 14, 2010

_____

HON. DANA M. SABRAW
United States District Judge

09cv2649